UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAMUEL SMITH, | ) | CASE NO. 1:07 CV 2212 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| DR. IVAN, <u>et al.</u>, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On July 23, 2007, <u>pro se</u> plaintiff Samuel Smith filed this action against Grafton Correctional Institution Physician Doctor Ivan, Medical Facilitator Nurse Veats, Warden Carl Anderson, the Department of Rehabilitation and Correction Chief Inspector, and the "private contractor that approves medical protocol for D.R.C." (Compl. at 1.) In the complaint, Mr. Smith states that he should be receiving interferon to treat his hepatitis. He seeks monetary and injunctive relief.

**Background**

Mr. Smith's complaint is written as a disjointed narrative which, in places, is difficult to piece together. He claims he entered the prison system in 2002 and was housed in the Lorain Correction Institution ("LORCI"). He states that at the time of his incarceration, he informed the

LORCI medical department that he suffered from lupus. He claims he developed urinary tract infections as a result of "a stricture." He indicates that surgery was performed but instead of abating, his symptoms have become more pronounced.

Mr. Smith contends that the LORCI medical staff also drew blood from him and diagnosed him as having Hepatitis "B" and "C." He claims he asked the LORCI medical staff if a treatment was available and was told that interferon was the generally accepted method of addressing the diseases. He states he was also told the treatments were very expensive and because Mr. Smith's "viral load" was extremely low, they would just continue to monitor his situation. He claims that he was placed on the chronic care list, and received blood tests every ninety days and a viral load test once per year. He complains that he had no input into the type of treatment he would receive. He contends that if he were not in prison, his physician would have discussed the treatment options with him and he would have been able to weigh his options. He suggests he would have chosen to receive interferon. He believes that by denying him interferon treatments, the state of Ohio placed his life in jeopardy.

The Court notes that Mr. Smith is now incarcerated in the Grafton Correctional Institution. Although he states he is still not receiving interferon, he does not describe the treatment, if any, that he is receiving at this facility, and includes no allegations against any defendants at this institution. Mr. Smith asserts causes of action for medical malpractice, and violations of the Eighth Amendment. He acknowledges that the malpractice claim generally cannot be raised in federal court; however, he asserts that he has diversity jurisdiction.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

2

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). While Mr. Smith alleges almost no facts which appear to pertain to his incarceration at Grafton Correctional Institution, he does imply that he is still not receiving interferon which he believes to be necessary to his treatment. This court liberally construes the complaint to contain a claim for violation of the Eighth Amendment against Dr. Ivan and Nurse Veats. For the reasons set forth below, claims asserted against Carl Anderson, the Chief Inspector, and the "private contractor" are dismissed pursuant to 28 U.S.C. § 1915(e).

As a threshold matter, Mr. Smith alleges no facts which pertain to Grafton Correctional Institution Warden Carl Anderson, the Ohio Department of Rehabilitation and Correction Chief Inspector, or the "private contractor" and includes no apparent legal claims against these defendants which can be reasonable deduced from the pleading. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify any particular wrong-doing by these defendants places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state a federal claim against Carl Anderson, the Chief Inspector, or the "private contractor."

**Conclusion**

Accordingly, he claims against Carl Anderson, the Ohio Department of Rehabilitation and Correction Chief Inspector, and the "private contractor" are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This case shall proceed solely against Doctor Ivan and Nurse Veats. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4

defendants**.**

    IT IS SO ORDERED.

               /s/SOLOMON OLIVER, JR.

               SOLOMON OLIVER, JR.
               UNITED STATES DISTRICT JUDGE